IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| VERSATEX, LLC, et al., | : | Case No. 1:23-cv-184 |
| Plaintiffs, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| DURACELL MANUFACTURING, LLC, | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY (Doc. 16)

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Stay (Doc. 16). Plaintiffs filed a Response in Opposition (Doc. 17), to which Defendant filed a Reply in Support (Doc. 18). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion (Doc. 16) is **GRANTED.**

### BACKGROUND

This case arises from allegedly unpaid invoices for services. Plaintiffs Versatex, LLC and XLC Services, LLC provided temporary labor management services to Defendant Duracell Manufacturing, LLC. (Am. Compl., Doc. 9, ¶¶ 9-11.) This arrangement was governed by a Master Professional Services Agreement ("Agreement") between Versatex and The Procter and Gamble Company. (*Id.* at ¶¶ 5, 10.) Defendant ultimately assumed Procter and Gamble's obligations under the Agreement. (*Id.* at ¶ 16.)

The Agreement contains several provisions relevant here. To begin, it provides that "[a]ny dispute arising out of or relating to this Agreement and/or the Services provided by [Plaintiffs] pursuant thereto shall be resolved in accordance with the dispute resolution procedures set forth in Schedule M." (Agreement, Doc. 9, Pg. ID 626.) Under Schedule M, "either Party may request that the matter be referred to binding arbitration" if mediation failed to resolve the dispute. (Schedule M, Doc. 16-2, Pg. ID 1045.)

The Agreement further states that the CPR Institute for Dispute Resolution Rules for Non-Administered Arbitration ("CPR Rules") then in effect shall govern arbitration proceedings. (Schedule M, Doc. 16-2, Pg. ID 1045.) CPR Rule 8.1 reads as follows:

> The Tribunal shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. This authority extends to jurisdictional challenges with respect to both the subject matter of the dispute and the parties to the arbitration.

2018 CPR Non-Administered Arbitration Rules, https://drs.cpradr.org/rules/arbitration/non-administered/2018-cpr-non-administered-arbitration-rules [hereinafter "CPR Rules"].

The Commentary for Rule 8 provides further clarification:

> This Rule expresses the generally accepted principle that arbitrator(s) have the competence initially to determine their own jurisdiction, both over the subject matter of the dispute and over the parties to the arbitration. Accordingly, any objections to the existence, scope or validity of the arbitration agreement, or the arbitrability of the subject matter of the dispute, are decided, at least in the first instance, by the Tribunal consistent with the U.S. Supreme Court's decision in *First Options of Chicago v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920 (1995).

2

> As the current state of the law with respect to the delegation of arbitrability is in flux, parties may wish to include in their clause an express delegation to the Tribunal of the power to decide arbitrability.
>
> The arbitrator(s) will decide whether the arbitration proceeds in the face of a jurisdictional challenge.

*Id.*

Defendant allegedly failed to fully pay Plaintiffs for their services. (Am. Compl., Doc. 9 ¶ 19.) So, Plaintiffs filed suit in Hamilton County Court of Common Pleas on March 14, 2023. (*See* Compl., Doc. 2.) Defendant then removed the matter to this Court on April 3, 2023. (*See* Notice of Removal, Doc. 1.) On May 30, 2023, Defendant filed a Motion to Dismiss (Doc. 10), which the Court granted in part and denied in part (Order, Doc. 14). Now, Defendant seeks to compel arbitration and to stay this matter. (Motion to Compel, Doc. 16.)

### LAW & ANALYSIS

When ruling on a motion to compel arbitration, a court has four tasks: "first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

I.   **Valid Arbitration Agreement**

Before a court may refer a dispute to arbitration, it must determine whether a valid arbitration agreement exists. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Agreement states that "either Party may request that the matter be referred to binding arbitration" if mediation failed to resolve the dispute. (Schedule M, Doc. 16-2, Pg. ID 1045.) Neither party disputes the existence or validity of the arbitration agreement. (*See* Motion to Compel, Doc. 16; Response, Doc. 17.) Thus, the Court concludes there is a valid arbitration agreement.

II.  **Delegation of Arbitrability Issues**

As neither party contests the validity of the arbitration agreement, the second question turns to the scope of the Agreement. *See Stout*, 228 F.3d at 714. But, before diving in, the Court must decide "*who* determines what disputes are arbitrable." *McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (emphasis added). "The question of arbitrability is one for the courts unless the parties 'clearly and unmistakably provide otherwise.'" *Id.* at 865-66 (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotation omitted)). If the parties delegated questions of arbitrability to an arbitrator, the Court cannot resolve them—even if they appear "wholly groundless." *Henry Schein*, 586 U.S. at 68-69.

4

Under the Agreement, arbitration must proceed in line with the CPR Non-Administered Arbitration Rules then in effect. (Schedule M, Doc. 16-2, Pg. ID 1045.) CPR Rule 8.1 provides:

> The Tribunal shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. This authority extends to jurisdictional challenges with respect to both the subject matter of the dispute and the parties to the arbitration.

The Commentary to CPR Rule 8 clarifies that the arbitrator must decide, at least in the first instance, "any objections to the existence, scope or validity of the arbitration agreement, or the arbitrability of the subject matter of the dispute."

By incorporating CPR Rules, the parties clearly and unmistakably agreed for the arbitrator to decide arbitrability issues. In reaching this conclusion, the Court finds the Sixth Circuit's decision in *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842 (6th Cir. 2020), particularly instructive. The parties' agreement in that case incorporated the American Arbitration Association ("AAA") Rules that delegated questions of arbitrability to the arbitrator. *Id.* at 845. Similar to the CPR Rules, the AAA Rules delegated questions concerning the arbitrator's jurisdiction—as well as the scope and validity of the arbitration agreement—to the arbitrator. *Id.* The Sixth Circuit held that questions of arbitrability were therefore clearly and unmistakably delegated to the arbitrator. *Id.* In doing so, the Sixth Circuit joined eleven circuits in finding "that the incorporation of the AAA Rules (or similarly worded arbitral rules) provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'" *Id.* at 846 (collecting cases).

As the Agreement delegates questions of arbitrability to the arbitrator, "[o]nly a specific challenge to a delegation clause brings arbitrability issues back within the court's province." *Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021). Plaintiffs argue that this matter is not arbitrable for two reasons: (1) it is beyond the scope of the arbitration clause and (2) Defendant has waived its right to arbitrate. (Response, Doc. 17, Pg. ID 1048-51.) Defendant responds that these questions are for the arbitrator to decide. (Reply, Doc. 18, Pg. ID 1052.) The Court considers each argument in turn.

### a. Scope of Arbitration

First, Plaintiffs contend that this matter falls beyond the Agreement's arbitration clause. (Response, Doc. 17, Pg. ID 1048-50.) As Plaintiffs recognize, however, this argument speaks to the "scope of the arbitration clause." (*Id.* at Pg. ID 1048.) The parties agreed that "any objections to the existence, *scope* or validity of the arbitration agreement, or the arbitrability of the subject matter of the dispute, are decided, at least in the first instance, by the Tribunal." CPR Rule 8 Commentary (emphasis added); *see also* CPR Rule 8.1. Thus, this threshold issue is reserved for the arbitrator.

### b. Waiver of Arbitration

Next, Plaintiffs argue that Defendant has waived its right to arbitrate by its litigation conduct. (Response, Doc. 17, Pg. ID 1050-51.) Plaintiffs cite Defendant's removal to federal court, Defendant's motion to dismiss, and the passage of time as evidence of waiver. (*Id.*) But, again, this invokes the same recurring question: who decides? As an initial matter, "courts presumptively resolve waiver-through-inconsistent-conduct claims." *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 394 (6th Cir. 2008). Courts

6

refrain from ruling on questions of waiver, however, when a provision delegates them to the arbitrator. *See Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 519-20 (6th Cir. 2017).

The parties' Agreement delegates the question of waiver to the arbitrator. Alleged waiver of arbitration speaks to the "existence, scope or validity of the arbitration agreement, or the arbitrability of the subject matter of the dispute," which CPR Rule 8 delegates to the arbitrator. "[A]rbitrability of the subject matter of the dispute" is a remarkably broad phrase. *See Creason v. Experian Info. Sols., Inc.*, No. 5:21-CV-39, 2024 WL 1221183, at *3 (W.D. Ky. Mar. 21, 2024) (characterizing whether a party waived arbitration by litigation conduct as a "threshold question of arbitrability"); *Arbitrable*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/Arbitrable (defining "arbitrable" as "subject to decision by arbitration"). CPR Rule 8.1 further grants the arbitration Tribunal "the power to hear and determine challenges to its jurisdiction." A claim of waiver challenges such jurisdiction.

Moreover, courts confronted with language delegating enforcement questions to the arbitrator have refrained from addressing waiver arguments. *See, e.g., Hilton*, 687 F. App'x at 519-20 (delegation of "the validity or enforceability" of the arbitration clause precluded court from ruling on question of waiver); *Creason*, 2024 WL 1221183, at *4 (whether party waived right to arbitration by its litigation conduct was "scope and enforceability" question delegated to arbitrator) (collecting cases). The Court finds such caselaw persuasive, especially since "arbitrability" encompasses questions of enforcement. *See Wilson v. Starbucks Corp.*, 385 F. Supp. 3d 557, 561 (E.D. Ky. 2019); *Lyman*

7

*v. Ford Motor Co.*, No. 21-10024, 2023 WL 2667736, at *4-5 (E.D. Mich. Mar. 28, 2023). Therefore, the question of waiver is reserved for the arbitrator.

As the Sixth Circuit instructs, "[o]nly a specific challenge to a delegation clause brings arbitrability issues back within the court's province." *Swiger*, 989 F.3d at 505. Plaintiffs' arguments do not specifically challenge the delegation clause. Rather, they speak to arbitrability questions delegated to the arbitrator. Thus, the Court cannot consider these questions and must instead compel this matter to arbitration.

### III. Staying this Matter Pending Arbitration

Having determined that arbitration is appropriate, the Court must consider whether to stay or dismiss this case. Section 3 of the FAA dictates that a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Sixth Circuit has explained that the FAA "conveys a mandatory obligation" for a district court to enter a stay—as opposed to a dismissal—when a party applies for a stay in the normal course. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941-42 (6th Cir. 2021). Defendant seeks to stay this matter pending arbitration. (Motion to Compel, Doc. 16, Pg. ID 1039.) The Court therefore finds that a stay is appropriate.

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Compel Arbitration and to Stay (Doc. 16) is **GRANTED**;
2. The Court **COMPELS** the matter to arbitration;
3. This matter is **STAYED** pending the outcome of arbitration; and

8

4. The parties **SHALL NOTIFY** the Court within 14 days upon the conclusion of arbitration.

   **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO

By: */s/ Matthew W. McFarland*

JUDGE MATTHEW W. McFARLAND